IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT AVALOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-711 |
| | § | |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is an employment discrimination case. Plaintiff Robert Avalos sued Continental Airlines, Inc., his former employer, in the 234th District Court of Harris County, Texas. He alleges that Continental fired him because of his age. (Docket Entry No. 1, Ex. 3). Continental removed based on diversity of citizenship. (Docket Entry No. 1). Avalos moved to remand the action to state court based on a page on Continental's web site listing Houston as its headquarters. (Docket Entry No. 6). Continental responded, attaching evidence of its corporate citizenship. (Docket Entry No. 9).

Based on the record, the motion, the response, and the applicable law, the motion to remand is denied. The reasons for this ruling are set forth below.

**I.     Background**

Avalos was employed by Continental from September 14, 1971 until he was terminated on February 25, 2010. Continental was based in Houston throughout his employment. (Docket Entry Nos. 6, 9). On May 3, 2010, Continental and United Airlines announced their intention to merge

and to establish the headquarters of United Continental Holdings, the merged corporation, in Chicago.  On October 1, 2010, the merger between the two airlines was completed.  Since that date, and on January 18, 2011, the date Avalos filed his complaint, all members of the merged corporation's senior management and senior leadership teams have been based in Chicago.  United Continental Holdings "controls, directs, and coordinates the activities of the former legal entity known as Continental Airlines, Inc." and owns all of Continental's outstanding equity securities.  Some activities of United and Continental remain separate, and Continental currently operates as a subsidiary of the merged corporation.  However, all activities have been directed by a combined corporate leadership since October 1, 2010.  (Docket Entry No. 9).

On March 1, 2011, Continental removed to this court based on diversity of citizenship.  (Docket Entry No. 1, Ex. 1).  Continental claimed that diversity existed because Avalos is a Texas resident and Continental is incorporated in Delaware and maintains its headquarters in Chicago, Illinois.  (Docket Entry No. 9).  Avalos filed a motion to remand, (Docket Entry No. 6), and Continental responded.  (Docket Entry No. 9).

## II.     Subject-Matter Jurisdiction

A defendant has the right to remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure is properly followed.  *See* 28 U.S.C. § 1441.  The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2000) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).  Section 1332 requires complete diversity of citizenship between the parties and more than $75,000 in controversy, exclusive of interest and costs.  28 U.S.C. § 1332.  Under § 1332, "a corporation shall be deemed to be a citizen

of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* § 1332(c)(1). In *Hertz Corp. v. Friend*, the Supreme Court held that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," also known as its "nerve center." 130 S. Ct. 1181, 1192 (2010). This location "should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

In a removed action, a district court is required to remand the case to state court before final judgment if it determines that it lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182–83 (5th Cir. 2005). The existence of federal subject-matter jurisdiction is determined at the time of removal from state court. *See In Re Bissonet Invs. LLC*, 320 F.3d 520, 525 (5th Cir. 2003) (citing *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2002)); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 130 S.Ct. at 1194–1995. Ambiguities are construed against removal. *Manguno*, 276 F.3d at 723.

### III.   Analysis

The parties do not contest that the amount in controversy is over $75,000. Avalos and Continental also agree that Continental is incorporated in Delaware. Subject-matter jurisdiction turns on whether Continental's principal place of business is in Chicago, Illinois, or in Houston, Texas.

Continental operates entirely under the direction of United Continental Holdings. (Docket

Entry No. 9 at 5). All of United Continental Holdings' activities are directed from its headquarters in Chicago, where all members of senior management have their offices. (*Id.* at 6). Continental has presented conclusive evidence that its headquarters is in Chicago, and that its main activities — including management, human relations, legal services, payroll, and employee services — are all directed from that location. (*Id.*, Ex. A). Continental's "nerve center" is therefore located in Chicago. *Hertz Corp.*, 130 S. Ct. at 1192; *Guitar Holding Co. v. El Paso Natural Gas Co.*, EP-10-CV-214-KC, 2010 WL 3338550, at *5 (W.D. Tex. Aug. 18, 2010); *Susan Mueller v. Towers, Perrin, Foster, & Crosby, Inc.*, No. 3:10-cv-1093, 2010 U.S. Dist. LEXIS 113320, at *10–11 (D. Conn. Oct. 25, 2010); *Ebert v. Desco Corp.*, No. 5:10CV46, 2010 U.S. Dist. LEXIS 56165, at *6 (N.D. W. Va. June 8, 2010).

Avalos relies exclusively on a page on Continental's web site listing the company's headquarters as Houston. (Docket Entry No. 6). This one statement is not dispositive. *Hertz Corp.*, 130 S. Ct. at 1195 ("We reject suggestions, such as, for example, . . . the mere filing of a form . . . listing a corporation's "principal executive offices" would, without more, be sufficient proof to establish a corporation's "nerve center"). *Guitar Holding Co.*, 2010 WL 3338550, at *5 (SEC and state tax filings listing Houston as the defendant's principal office were insufficient to establish Texas citizenship when the corporate officers were based in Colorado and other filings listed the Colorado office as the point of corporate contact). Even if Continental's headquarters were located in Houston, it would be Continental's principal place of business only if "the headquarters is the actual center of direction, control, and coordination." *Hertz Corp.*, 130 S. Ct. at 1192; *Prather v. Williams Prod. RMT Co.*, No. 10-cv-02131-CMA-BNB, 2010 U.S. Dist. LEXIS 136432, at *7 (D. Colo. Dec. 1, 2010) (finding Oklahoma citizenship because "much of the direction, control, and coordination over Defendant's activities originate in Tulsa, Oklahoma," even though the

corporation's letterhead listed an address in Denver, Colorado, where defendant maintained its corporate headquarters). The record is clear that the actual center of the company's direction, control, and coordination is Chicago, Illinois. Complete diversity exists.

**IV.     Conclusion**

The motion to remand is denied.

SIGNED on June 10, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge